UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GUSTAVO FERNANDO GARCIA, | ) | CASE NO.  4:06 CV2318 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| ROBERT TAPIA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 25, 2006, pro se petitioner Gustavo Fernando Garcia filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Garcia, who is incarcerated at the Northeast Ohio Correctional Center (NEOCC) in Youngstown, Ohio, names NEOCC Warden Robert Tapia as respondent.  Petitioner asserts that he is being illegally confined and seeks immediate release from prison.

*Background*

Mr. Garcia was arrested in Miami, Florida on April 29, 1997 .  He was subsequently named in a two count indictment filed in the United States District Court for the Southern District of Florida.  See United States v. Garcia, 97-367-CR (S.D. Fl.  1997).  After pleading not guilty to the charges of conspiracy to posses with intent to distribute heroin, petitioner proceeded to trial.  He

was found guilty of the charges and sentenced to 188 months imprisonment on April 24, 1998. The court based his sentence using an offense level of 34 under the United States Sentencing Guidelines. It is this offense level and the resultant term of imprisonment imposed by the court that Mr. Garcia now challenges in his petition before this court.

*Analysis*

Mr. Garcia asserts that "his present custody is unlawful as a result of the incorrect application of the U.S. sentencing guidelines against him." (Pet. at 3.) He claims that the appropriate sentence for his offense is 97 months. Therefore, he maintains, he has been in unlawful custody for more than two years. He also provides the court with "proof" that his incarceration is unlawful because the indictment failed to identify a specific quantity of drugs for which he was responsible. The proof he provides is a copy of the "official report of evidence performed by the own DEA Agency Laboratory, approved and released on June/9/1997, by the DEA Laboratory Director, and Theresa T. KOUT, forensic chemist."(Pet. at 5.) This report discloses that the total net weight of "the alleged heroin is only 754.3 gr." Id. Mr. Garcia claims that under the Sentencing Guidelines, "at least 700 gr., but less than 1 kg. of heroin is level 30." Id. From this he concludes that his offense level should have been 30, with a sentencing range of 97-121 months. He argues that the 188 months sentence imposed by the court clearly exceeded the range set forth in the Guidelines.

*28 U.S.C. §2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United

States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C.  § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th  Cir.1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

Mr. Garcia maintains that because he is attacking "the incorrect application of the U.S. sentencing guidelines . . . he comes to challenges [sic] the Execution and Duration of his custody, instead of the legality of his conviction and sentence." (Pet. at 5.)  His assertion, however, is a misstatement of the facts and the law.  Inasmuch as petitioner is challenging the application of the guidelines, he must direct his request for relief to the individual who has authority to decide what appropriate offense level should be used in determining his sentence.  Here, the court imposed a sentence of 188 months.  Mr. Garcia, however, has failed to provide any authority to support his claim that the warden has the authority to set aside that sentence based on the warden's interpretation of the guidelines.

*Safety Valve Provision*
*28 U.S.C. § 2241*

There is a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Accord United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). To the extent Mr. Garcia is seeking to challenge his conviction pursuant to § 2241 his claim must still fail.

3

It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). Mr. Garcia has not articulated any permissible basis upon which his remedy under § 2255 should be considered inadequate or ineffective.

Accordingly, the petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 11/22/06*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

4